# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LUIS CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00338-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |

Plaintiff Manuel Luis Cruz is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed March 7, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On December 2, 2018, Plaintiff was apprehended in the Kern Valley State Prison visiting quarters on suspicion of introducing a controlled substance. Correctional officers M. Valenzuela and L. Guerrola were the arresting officers who wrote the initial 114 lockup order. Although Plaintiff did not receive an official Rules Violation Report (RVR) until March 27, 2020, his contact visits were immediately suspended on December 2, 2018.

The case was referred to the Kern County District Attorney's Office for possible prosecution. On March 27, 2020, court proceedings began with regard to the RVR. During these proceedings, Plaintiff was allowed several non-contact visits, and Plaintiff and his wife were

1  continually mistreated by either early termination or in one instance placed in a booth without a
2  working telephone.

3        On July 29, 2020, Plaintiff reached an agreement with the District Attorney to enter a nolo
4  contender plea to the charge of possession of a controlled substance and sentence of 4 years.
5  After the plea and conclusion of the state court proceedings, Plaintiff began to wait for the
6  standard RVR hearing at his institution which per protocol and due process should have been
7  held within 30 days of his sentencing.  Yet, the hearing did not take place and the time would
8  pass beyond the required limitations.  Plaintiff began to inquire with his counselor Haro as well
9  as officer Valenzuela who was reassigned to the RVR hearing.  Both Haro and Valenzuela
10 advised Plaintiff that he could not have a hearing until the court notified the institution of the
11 adjudication, and they had not.

12       After months passed from July 29, 2020 to May 11, 2021, and no hearing was held, Plaintiff
13 attempted to file a grievance.  On May 11, 2021, Plaintiff filed a grievance and requested that
14 the matter of his RVR hearing be addressed.  On June 2, 2021, Plaintiff received a reply which
15 stated that the issue was beyond the scope of the grievance process.  As a result of the response,
16 Plaintiff waited until November 2021, but he still did not have an RVR hearing.

17       At his annual committee review hearing, Plaintiff raised his concerns about the lack of an
18 RVR hearing and requested review of his file for evidence of his new commitment.  Plaintiff
19 was advised that his abstract of judgment and legal summary for possession of contraband was
20 in his file.  The institution was aware of the adjudication since August 28, 2020.

21       On December 27, 2021, Plaintiff filed a grievance with evidence of the abstract of
22 judgment.  Staff in charge of processing his RVR had been purposefully neglecting Plaintiff
23 pleas in an effort to prolong Plaintiff's punishment.

24       On March 27, 2022, Plaintiff contacted the California Department of Corrections and
25 Rehabilitation Ombudsman to advise of the problem, and she visited Plaintiff to advise him of
26 his rights and how to proceed.

27       On December 17, 2022, Plaintiff's grievance was denied at the second level of review
28 stating the "ERMS" showed no evidence of the adjudication.

1    Before submitting his grievance to the third level of review, Plaintiff wrote to the records
2    department and who advised him that they were aware of the adjudication on August 28, 2020.
3    While the grievance was pending review, Plaintiff RVR hearing was held-1 year and 7 months
4    after the state court case was adjudicated.

5    Plaintiff seeks compensation for the mental and emotional suffering from the prolonging
6    of his hearing and to update his visiting status as well as credit for the delay.

## III.

## DISCUSSION

### A.    Due Process-RVR Hearing

Inmates subjected to disciplinary action are not entitled to all of the rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. at 445, 455–56 (1985); United States v. Segal, 549 F.2d 1293, 1296–99 (9th Cir.1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). The Supreme Court has set out the procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 556. In addition, "the requirements of due process are satisfied if "some evidence" supports the decision by the disciplinary board...." Hill, 472 U.S. 445, 454 (1985).

Thus, Wolff does not include a provision that a disciplinary hearing must be timely held within thirty days of any sentencing.  To the extent Plaintiff argues that certain prison regulations required that he be provided a disciplinary hearing within a certain thirty-day time frame, such

claim is not cognizable.[1]  The Due Process Clause only requires that prisoner be afforded those procedures mandated by Wolff; it does not require that prisons comply with their own, more generous procedures. Walker v. Sumner, 14 F.3d 1415, 1419–20 (9th Cir.1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472,  484 (1995).  Violations of state prison regulations do not rise to the level of a constitutional violation. Sandin, 515 U.S. at 482 (finding no constitutionally protected liberty interest in prison regulations phrased in mandatory terms); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir.1989) (a prison's failure to follow its own guidelines regarding hearings does not alone constitute denial of due process); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir.1981) (violations of prison rules or procedures alone do not state federal claims and are not cognizable under § 1983).

### B.     Inmate Appeal Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, Plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). California's regulations grant prisoners a purely procedural right: the right to have a prison appeal. See Cal. Code Regs. tit. 15, §§ 3084-3084.9 (2014).  In other words, prison officials are not required under federal law to process inmate grievances in a certain way. Thus, the denial, rejection, screening out of issues, review, or cancellation of a grievance does not constitute a due process violation. See, e.g., Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015) (a prison official's denial of a grievance does not itself violate the constitution); Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (allegations that prison officials

---

[1] See Cal. Code. Reg. tit. 15, § 3316(c)(1) (where inmate postpones disciplinary hearing until District Attorney decides whether to prosecute, hearing must be held thirty days after decision by District Attorney).

5

screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 1:09-CV-00568-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Similarly, Plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural right, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983.").

### C. Leave to Amend

Given that Plaintiff has not and cannot legally state a cognizable due process claim based on the failure to hold the disciplinary hearing within thirty days and/or for failure to adequately process his inmate grievance. Plaintiff's allegations do not give rise to a constitutional violation and he cannot seek relief by way of section 1983 complaint. Hartmann v. Cal. Dep't of Corr. and Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.") Accordingly, the Court recommends dismissal of the complaint without leave to amend.

## IV.
## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief without leave to amend.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 15, 2023**

UNITED STATES MAGISTRATE JUDGE